STEPHEN H. ANDERSON, Circuit Judge,
concurring in part and concurring in the judgment:
The majority wisely “declinefs] ... to name job titles that would or would not adequately satisfy” Davis ’ requirement that the school have control over the harassing student for a finding of Title IX liability. Maj. op. at 1247. Davis did not answer this question precisely, leaving liability limited in general terms to cases involving “an official decision by the [Title IX] recipient not to remedy the violation.” — U.S. at-, 119 S.Ct. at 1671 (quoting Gebser v. Lago Vista Independent Sch. Dist., 524 U.S. 274, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998)); see also Davis, — U.S. at —, 119 S.Ct. at 1688 (Kennedy, J., dissenting) (“[T]he majority says not one word about the type of school employee who must know about the harassment before it is actionable.”).
I write separately to point out that given the facts of this case, some of the language in the majority’s Title IX analysis is unnecessarily broad. After concluding that Principal Johnston’s alleged deliberate indifference and actual knowledge are enough to trigger liability under Title IX, the majority proceeds to state that “teachers may well possess the requisite control necessary to take corrective action to end ... discrimination.” Maj. op. at 1248. So stating, the majority implies that a single teacher’s inaction may in some circumstances be enough to trigger Title IX liability. That question is not before us in this case, at least not at this juncture. There is simply no need for such employee-by-employee analysis, given that the facts alleged clearly amount to an “official decision” by Principal Johnston, the highest-ranking school official, “not to remedy the violation.” Davis, — U.S. at —, 119 S.Ct. at 1671. A single teacher’s sexual misconduct was not enough to subject a recipient to liability in Gebser, and I believe it is still an open question after Davis whether a single teacher’s indifference is ever sufficient for recipient liability, notwithstanding the Davis dissent’s characterization of the opinion, see Davis, — U.S. at —, 119 S.Ct. at 1689 (Kennedy, J., dissenting) (postulating that a district might “be held liable for a teacher’s failure to remedy peer harassment.”).
Moreover, with respect to Ms. Murrell’s Equal Protection Clause claim against the principal and the teachers individually, I emphasize that the “deliberate indifference” standard provides a high hurdle for plaintiffs. Such a high hurdle is necessary, given the myriad contacts which occur daily in this country between teachers and students and between students and their peers. The allegations in this case are so egregious, however, that I agree that Ms. Murrell has stated a claim against the principal and the teachers under the Equal Protection Clause. Whether less egregious facts will suffice in future cases remains to be seen.